IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION

| | | |
|---|---|---|
| Max J. Knoten, | ) | Case No. 9:23-cv-14-DCC |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| Warden Palmer, | ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

Petitioner, proceeding pro se, is seeking habeas corpus relief pursuant to 28 U.S.C. § 2254.[1] In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2), (D.S.C.), this matter was referred to United States Magistrate Judge Molly H. Cherry for pre-trial proceedings and a Report and Recommendation ("Report"). On April 27, 2023, Petitioner filed a Motion for Discovery. ECF No. 24. On July 19, 2023, Respondent filed a Return and Memorandum and Motion for Summary Judgment. ECF Nos. 34, 35. On November 21, 2023, the Magistrate Judge issued a Report recommending that Petitioner's Motion be denied as moot, that Respondent's Motion be granted, and the Petition be dismissed with prejudice. ECF No. 44. The Magistrate Judge advised Petitioner of the procedures and requirements for filing objections to the Report and the

---

[1] As noted by the Magistrate Judge, Petitioner initially filed this as an action brought pursuant to 28 U.S.C. § 2241. The Magistrate Judge properly construed it pursuant to § 2254.

1

serious consequences if he failed to do so.  Petitioner has not filed objections and the time to do so has lapsed.

The Magistrate Judge makes only a recommendation to this Court.  The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court.  See *Mathews v. Weber*, 423 U.S. 261 (1976).  The Court is charged with making a de novo determination of any portion of the Report of the Magistrate Judge to which a specific objection is made.  The Court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions.  See 28 U.S.C. § 636(b).  The Court will review the Report only for clear error in the absence of an objection.  *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." (citation omitted)).

As previously stated, Petitioner did not file objections to the Report.  Accordingly, the Court has reviewed the record in this case, the applicable law, and the Report of the Magistrate Judge for clear error.  Having done so, the Court agrees with the recommendation of the Magistrate Judge.  Accordingly, Respondent's Motion for Summary Judgment [35] is **GRANTED** and and the Petition is **DISMISSED** with prejudice.  Petitioner's Motion [24] is **DENIED as MOOT**.

In addition, a certificate of appealability will not issue to a prisoner seeking habeas relief absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A prisoner satisfies this standard by demonstrating that reasonable jurists would find both that his constitutional claims are debatable and that any dispositive procedural rulings by the district court are also debatable or wrong. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In this case, the Court finds that Petitioner has failed to make a substantial showing of the denial of a constitutional right. Accordingly, the Court declines to issue a certificate of appealability.

    **IT IS SO ORDERED.**

s/ Donald C. Coggins, Jr.
United States District Judge

January 18, 2024
Spartanburg, South Carolina